UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SOLO CUP OPERATING CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CONVERPACK, INC. ) <br> ) <br> Defendant. ) <br> ) <br> ) | Case No. <br><br> JURY TRIAL DEMANDED |

**COMPLAINT FOR DESIGN PATENT INFRINGEMENT**

Solo Cup Operating Corporation ("Plaintiff") files this Complaint against Defendant Converpack, Inc. ("Converpack"), and Plaintiff alleges as follows:

**Nature of the Action**

1. This Complaint seeks injunctive relief and damages for Defendant's infringement of Plaintiff's design patent, U.S. Design Patent D635,855 ("D'855 Patent - **Exhibit 1**) pursuant to 35 U.S.C. §§ 271, 283-284 and 289.

**The Parties**

2. Plaintiff, Solo Cup Operating Corporation, an affiliate company of Dart Container Corporation, is a Delaware corporation with a business address of 7575 S. Kostner Ave., Chicago, Illinois 60652, and operates business that includes the manufacture and sale of disposable serving ware products such as disposable cups and lids.

3. Upon information and belief, Defendant, Converpack is a Florida corporation having a business address at 9265 NW 101st Street, Medley, Florida 33178. On information and belief, Defendant, *inter alia*, manufactures, advertises, imports and sells in the United States, hot-cup lid products such as the accused products identified in this Complaint.

**Jurisdiction and Venue**

4. This action arises under the Patent Act, 35 U.S.C. § 271 and §§ 281-289. This Court has subject matter jurisdiction over the claim of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

5. This Court has personal jurisdiction over Defendant based at least upon the fact that the infringement alleged herein has occurred, and continues to occur, within this District, by Defendant's advertisement, importation and sale of products that infringe Plaintiff's D'855 design patent.

6. Venue is proper pursuant to 28 U.S.C. §1391(b) and (c).

**Background and Facts Related to this Action**

7. Plaintiff is a global manufacturer and supplier of food and beverage container products including hot-cup lids, and is the owner by assignment of the D'855 Patent.

8. On information and belief, Defendant manufactures and/or imports, advertises and sells hot-cup lid products in the United States and within this District, including the lid products that are identified as the Accused Products as shown in **Exhibit 2**. Defendant has marketed and/or sold the Accused Products through display and promotional advertisement at trade shows in the United Sates, including trade shows within this District. Defendant advertised the Accused Products in May 2016 at its exhibit booth (Booth # 981) of the 2016 National Restaurant Association show held in McCormick Place in Chicago, Illinois, including distribution of its product catalog of **Exhibit 3**.

9. Defendant's Accused Products have appearances which infringe the Design Patent rights of Plaintiff, as demonstrated in the side-by-side comparison of the Accused Products with the design of the D'855 Patent shown below.



10. On information and belief, Defendant continues to infringe the D'855 Patent by Defendant's advertisement and sale of the Accused Products within the United States and within this District, marketing and selling the products via its web site at http://www.conver-pack.com/products/hot-lids (**Exhibit 4**). Further, Defendant's web site of http://www.conver-pack.com, provides customers a product catalog, sales sheet and credit application for customers to purchase the Accused Products in the United States, wherein its customers include "large

3

national chains, small regional chains, foodservice distributors, convenience store chains and coffee roasters." (**Group Exhibit 5**).

11. On information and belief, Defendant's marketing and distribution of the Accused Products has been, and continues to be, willful. Further, Defendant has continued its infringing activity after Plaintiff provided notice of infringement of the patent and demanded that Defendant cease such activity.

## CAUSE OF ACTION

### COUNT I – Design Patent Infringement (35 U.S.C. §§ 271-289)

12. Plaintiff re-alleges and incorporates herein paragraphs 1 through 11 of this Complaint.

13. Plaintiff's D'855 Patent, titled "Drink Cup Lid" covers a novel ornamental appearance for a cup lid that has a curved recess area as shown and claimed by the Figures of the patent (**Exhibit 1**).

14. The D'855 Patent is in full force and has not expired, and was assigned to Plaintiff, who remains as the owner of the patent.

15. Defendant has directly infringed and continues to infringe the D'855 Patent by manufacturing, importing, using, selling, and/or offering to sell in the United States hot cup lid products that are identical to or otherwise embody the design shown in the figures of the D'855 Patent, including the products shown in **Exhibit 2** (the "Accused Products"). Defendant's use of the design covered by the D'855 Patent is not authorized or licensed by Plaintiff, and thereby constitutes infringement of the D'855 Patent.

16. Defendant's infringing activity of marketing Accused Products at trade shows and directly to customers and distributors in the United States and in this District, its activity of

4

manufacturing and/or importing the Accused Products into the United States, and its sale of the Accused Products directly to customers and distributors in the United States has caused damages owed to Plaintiff, including all lost profits from Defendant's sale of its Accused Products, pursuant to 35 U.S.C. §289. Further, Defendant's infringement of the D'855 Patent is continuing and is likely to do so, which causes Plaintiff irreparable harm unless enjoined.

## PRAYER FOR RELIEF

WHEREFORE, as to all Counts of this Complaint, Plaintiff requests that this Court enter a judgment of design patent infringement in favor of Plaintiff and against the Defendant, and grant relief as follows:

A. Permanently enjoin and restrain the Defendant, its parents, subsidiaries, holding companies, licensees, owners, directors, officers, partners, assigns, related entities, affiliates, predecessors, successors, employees, representatives, trustees, receivers, agents and any other persons or entities acting on behalf of the Defendant or with Defendant's authority, from using, selling, offering for sale, marketing, advertising, importing into the United States or promoting to anyone in the United States the products identified as the Accused Products, such as is shown in Exhibit 2 of the Complaint and identified in Defendant's web site marketing materials of Exhibits 3 through 5 of this Complaint and any like products having an appearance confusingly similar to the design of the D'855 Patent;

B. Require Defendant to recall from the channels of trade in the United States all products, packaging, advertising and promotional material sold or distributed by Defendant (or its affiliates and/or distributors) that embody a product configuration of the Accused Products depicted in Exhibit 2 of the Complaint;

C. Require that Defendant discontinue any use of the manufacturing molds used by Defendant to manufacture products having the appearance such as shown in Exhibit 2 of the Complaint, and that such molds may not be resold or distributed to others and instead shall be destroyed or marketed solely for destruction as scrap metal;

D. Require that Defendant pay to Plaintiff, as damages for design patent infringement, Defendant's profit resulting from the sale of all products having an appearance as shown in Exhibit 2 of the Complaint, pursuant to 35 U.S.C. §289;

E. Require that the Defendant reimburse Plaintiff for all fees, disbursements and costs incurred in bringing this action; and,

F. Award Plaintiff such other and further relief as this Court deems equitable.

## Jury Demand

Plaintiff hereby demands a trial by jury on all issues rightfully triable to a jury.

Dated: August 25, 2016         Respectfully submitted,

   s/Bradley F. Rademaker
   Bradley F. Rademaker, Esq.
   Michael R. Turner, Esq.
   NEAL GERBER & EISENBERG LLP
   2 North LaSalle Street, Suite 1700
   Chicago, Illinois 60602
   Tel: (312) 269-8000
   brademaker@ngelaw.com
   mturner@ngelaw.com

   Attorneys for Plaintiff
   SOLO CUP OPERATING CORP.